Nash, C. J.
 

 There is error. The Court below was of opinion that the plaintiff could not recover, upon the ground, we suppose, (for no reason is assigned,) that there was no consideration for the new implied promise on the part of the defendant. The original contract was at an end, but in consequence of the insufficiency of the barrels, a considerable quantity of the turpentine ran out, which by the direction of the plaintiff was scraped up, and restored to the barrels. It was then agreed between the parties, tli at a Mr. Grimmer should inspect the turpentine, and what he condemned for dirt plaintiff should pay nothing for. It was accordingly inspected in the presence of the parties, and it was adjudged by Grimmer that the twenty-seven barrels wore not worth any thing. This is the substance of what he stated. ~We are not passing upon the original contract, but our attention is directed solely
 
 *361
 
 as to the question as to the existence of a new consideration for the new promise.
 

 The prevention of litigation is a valid and sufficient consideration ; for the law favors the settlement of disputes. Thus, a submission of claims and demands to arbitration is binding, so far as this, that the mutual promises are a consideration, each for the other. 1 Parsons on contracts, 364. Com. Dig. “ Action on the case on Assumpsit,” A1, B 2. In
 
 Keson
 
 v.
 
 Barclay,
 
 2 Penn. Rep. 531, an action of slander for words, was compromised by the defendants agreeing to pay the plaintiff a sum certain ; the Court held there was a sufficient consideration, though the words used'were not slanderous.
 
 In re
 
 Lucy, 21 Eng. Law and Eq. Rep. 199, it was decided that, to sustain a compromise, it was sufficient, if the parties thought, at the time of entering into it, that there was a
 
 bona fide
 
 question between them, though, in fact, there was no such question.
 

 Now, in this case, Mr. Grimmer, the referee, stated that, at the time he inspected the turpentine, none of it was good. The plaintiff, no doubt, thought he was entitled to compensation from the defendant to the value of the whole of the twenty-seven barrels, or a proportionate part of the sum paid by him for the whole. The defendant, on his part, thought he had a good defence to the whole claim. In this situation they agree, in order to avoid a law-suit, that Mr. Grimmer shall inspect the turpentine, and what he condemned for dirt, the plaintiff should pay nothing for. But the plaintiff had already paid the whole price to the defendant. The meaning of the parties, therefore, must have been, that the defendant would pay to the plaintiff the value of the terpentine condemned by Grimmer. After this agreement, the plaintiff could not have maintained an action on the warranty, or of deceit.
 

 Per Curiam. Judgment reversed.