ERNEST F. BOHANNON, JR., v. WACHOVIA BANK AND TRUST COMPANY, EXECUTOR AND TRUSTEE OF LAURA WEBB BOHANNON, AND MAUDE BOHANNON TROTMAN.

(Filed 25 November, 1936.)

1. **Appeal and Error J a—**

   This appeal from the refusal of the court to set aside an order of the clerk for the examination of an adverse party under C. S., 900, *is held* not premature, the appeal presenting the question of whether plaintiff's affidavit upon which the order was made states facts sufficient to constitute a cause of action.

2. **Wills F i—Third person wrongfully inducing testator to alter plans to devise person lands is liable to such person for damages.**

   Plaintiff alleged that his grandfather had formed a fixed intention to settle a large part of his estate on plaintiff, that defendants conspired together to deprive plaintiff of his share of the estate, and by false and fraudulent representations induced his grandfather to abandon his intention to leave plaintiff a large part of his property, and that but for such false and fraudulent representations plaintiff's grandfather would have carried out his previous intention and would have devised for the benefit of plaintiff a large part of the estate. *Held:* The facts alleged are sufficient to constitute a cause of action against defendants, the cause being analogous to the right of action for wrongful interference with contractual rights by a third person.

3. **Bill of Discovery B b—**

   An order for the examination of an adverse party under C. S., 900, may be granted upon proper affidavit before the filing of a complaint.

4. **Venue D a—**

   Where an order for the examination of an adverse party is granted before the filing of the complaint, a motion for change of venue as a matter of right may be denied without prejudice to defendant's right to move for change of venue after the filing of the complaint, the right of defendant to object to venue, N. C. Code, 470, applying after complaint is filed.

STACY, C. J., and CONNOR, J., dissent.

APPEAL by defendants from *Cowper, Special Judge,* at 14 September, 1936, Extra Term of MECKLENBURG. Affirmed.

The summons in this action was issued 15 June, 1936, and served on defendants 16 June, 1936. Time for filing complaint of plaintiff was duly allowed. The following affidavit and amended affidavit of plaintiff were filed in the action:

"Ernest F. Bohannon, Jr., plaintiff, being duly sworn, says:

"1. That this action is brought for the recovery of damages from the defendants upon the ground that Laura Webb Bohannon and Maude Bohannon Trotman, by a conspiracy and false and fraudulent representations, deprived the plaintiff of a share in the estate of F. M. Bohannon, which would have been given him except for the wrongful acts of the defendants; that summons has been issued in this action and an extension of time to file complaint has been granted to 3 July, 1936.

"2. That the defendant Maude Bohannon Trotman, as the plaintiff is informed and believes, has certain facts within her knowledge, which facts are not otherwise available to the plaintiff, and which facts are material to the plaintiff's case; that it is necessary for the plaintiff to examine said defendant in order to obtain said information and to enable him to properly draft and file his complaint against the defendants in this action; that the said information is peculiarly within the knowledge of the defendant Maude Bohannon Trotman, and the plaintiff seeks said information in good faith for the purpose of enabling him to file his complaint, and that this affidavit is not made for the purpose of vexation or harassment.

"Wherefore, the plaintiff prays that an order issue in this cause requiring the defendant Maude Bohannon Trotman to be and appear before a commissioner appointed by the court and give evidence necessary and required by the plaintiff for the purpose of filing his complaint, and that notice issue and be served upon the defendants giving the defendants at least 5 days notice of said examination.

ERNEST F. BOHANNON, JR., *Affiant.*

(Sworn to 26 June, 1936.)

---

"Ernest F. Bohannon, Jr., plaintiff, being duly sworn, says:

"1. That he has instituted this action for the recovery of damages from the defendants, upon the ground that Laura Webb Bohannon and Maude Bohannon Trotman conspired to deprive the plaintiff of a share of the estate of his grandfather, F. M. Bohannon, and by false and fraudulent representations made to the said F. M. Bohannon, and by fraud practiced upon him and upon this plaintiff, prevailed upon the said F. M. Bohannon to change a definite plan which he had made to leave to the plaintiff, either by will or a trust instrument, a large share in his estate; that summons has been issued in this action.

"2. That the plaintiff now has information upon which to base an allegation in his complaint that F. M. Bohannon had formed the fixed intention and settled purpose of providing for the plaintiff in the distribution of his estate, and would have carried out this intention and purpose but for the wrongful acts of Laura Webb Bohannon and Maude Bohannon Trotman; however, the plaintiff does not know definitely whether or not the said F. M. Bohannon actually made a will providing for this plaintiff, or a trust instrument giving him a part of his estate, which will or trust instrument he was caused to revoke by the wrongful acts of the defendants, and that the facts in regard thereto are peculiarly within the knowledge of the defendant Maude Bohannon Trotman; that said facts are material to the plaintiff's cause and are not otherwise available to the plaintiff except by an examination of said defendant. The plaintiff has information as to certain wrongful acts and misrepresentations made by Laura Webb Bohannon and Maude Bohannon Trotman calculated to influence the said F. M. Bohannon against the plaintiff, which acts were done and statements made in the presence of other persons. However, the plaintiff believes that other acts were done and statements made by Laura Webb Bohannon and Maude Bohannon Trotman when no one was present except the said persons and F. M. Bohannon; that the facts in regard thereto are peculiarly within the knowledge of the defendant Maude Bohannon Trotman, and are not otherwise available to the plaintiff except by an examination of said defendant, both F. M. and Laura Webb Bohannon being dead; that the application of the plaintiff heretofore made to examine the defendant Maude Bohannon Trotman was made for the purpose, in good faith, of obtaining the information hereinbefore outlined and which is peculiarly within the knowledge of Maude Bohannon Trotman for the purpose of enabling the plaintiff to properly file his complaint, and that this amended affidavit is made to set out more fully the information sought, and the necessity therefor, and this affidavit is not made for the purpose of vexation or harassment.

"Wherefore, the plaintiff prays that the motion of the defendant Maude Bohannon Trotman to vacate the order of examination be denied, and that she be required to appear and be examined in accordance with the orders heretofore made herein.

ERNEST F. BOHANNON, JR."

(Sworn and subscribed to 27 August, 1936.)

Under the above set forth affidavits, an order was made by the clerk of the Superior Court to examine the defendant Maude Bohannon Trotman. The defendants excepted and assigned error to the order, and appealed to the Superior Court. The orders in the court below were as follows:

"This cause coming on to be heard before the undersigned judge presiding at the 14 September, 1936, Extra Term of Mecklenburg Superior Court, upon the appeal of the defendants from the order of the clerk, dated 2 September, 1936, in which the clerk denied the motion of the defendants to set aside various orders in reference to the examination of the defendant Maude Bohannon Trotman, and upon a consideration of the original affidavit and the amended affidavit filed by the plaintiff, the court being of the opinion that the plaintiff is entitled to examine the defendant Maude Bohannon Trotman, for the purpose of obtaining the information referred to in said affidavits to enable him to properly file his complaint.

"It is thereupon ordered that the order of the clerk be and is hereby affirmed, and the motion of the defendants to set aside the orders in reference to the examination of the defendant Maude Bohannon Trotman is denied; and it is further ordered that the commissioner heretofore appointed by the clerk proceed to hold said examination at the office of the clerk of the Superior Court of Forsyth County, or such other place as may be designated by the commissioner, at 11 a.m. on 16 October, 1936, unless the time is changed by consent of the parties. This 22 September, 1936.

G. V. COWPER, *Judge Presiding.*"

Order (of Cowper, Special J.) : "This cause coming on to be heard before the undersigned judge presiding at the 14 September, 1936, Extra Term of Mecklenburg Superior Court, upon the appeal of the defendants from the order of the clerk denying the defendants' motion for change of venue, and the court being of the opinion that said motion is prematurely made: It is thereupon ordered that the order of the clerk in reference to change of venue be and it hereby is denied, with leave, however, to the defendants to renew said motion after the complaint is filed. This 22 September, 1936.

G. V. COWPER, *Judge Presiding.*"

The defendants excepted and assigned error as follows: "The judge of the Superior Court erred in affirming the judgment of the clerk of the Superior Court for Mecklenburg County denying the defendants' motion that the action be removed to the Superior Court for Forsyth County, under section 465, C. S., for that the defendants say that it sufficiently appears from the application for extension of time in which to file complaint that the action is against the defendant Wachovia Bank and Trust Company, trustee and executor of the estate of Laura Webb Bohannon, deceased, in its representative and official capacity as such

executor and trustee, and that it is unnecessary to wait the filing of the complaint before making such motion. The judge presiding at said term of the Superior Court erred in affirming the order of the clerk of said court, dated 22 September, 1936, denying the motion of the defendants to set aside various orders in reference to the examination of the defendant Maude Bohannon Trotman for that these defendants say that the affidavits on which the application for such examination was based are insufficient, and also for that the application for such examination shows that the plaintiff is attempting to maintain this action on grounds not recognized by law as constituting a cause of action."

*John M. Robinson and Hunter M. Jones for plaintiff.*
*Parrish & Deal for defendants.*

CLARKSON, J. (1) The plaintiff contends that the appeal from the order of examination is premature. We cannot so hold under the facts and circumstances of this case.

In *Ward v. Martin,* 175 N. C., 287 (289-290), is the following: "A motion was made to dismiss this appeal on the ground that it is premature. There are decisions of this Court holding that a party cannot appeal from an order to appear before the clerk to be examined under oath concerning the matters set out in the pleadings. *Pender v. Mallett,* 122 N. C., 163; *Holt v. Warehouse Co.,* 116 N. C., 480; *Vann v. Lawrence,* 111 N. C., 32. In the exercise of our discretion, as the point presented is of first importance here, we have concluded to deny the motion and to consider the appeal on its merits." *Chesson v. Bank,* 190 N. C., 187. In certain cases the appeal is premature and will be dismissed. *Johnson v. Mills Co.,* 196 N. C., 93; *Brown v. Clement Co.,* 203 N. C., 508.

(2) The serious contention of defendants is that "The plaintiff's application for order of examination not only fails to state a cause of action, but clearly shows that plaintiff cannot state a cause of action recognized by the law." On this aspect we cannot hold with the defendants.

It is conceded by plaintiff that defendants are right if the application of plaintiff for the order of examination did not disclose a cause of action. The plaintiff contends that the following facts appear in the application: "(1) The plaintiff was a grandson of F. M. Bohannon. (2) F. M. Bohannon 'had formed the fixed intention and settled purpose of providing for the plaintiff in the distribution of his estate.' (3) Laura Webb Bohannon and Maude Bohannon Trotman 'conspired to deprive the plaintiff of a share of the estate of his grandfather, F. M. Bohannon.' (4) The said defendants, 'by false and fraudulent repre-

sentations made to the said F. M. Bohannon, and by fraud practiced upon him and upon this plaintiff, prevailed upon the said F. M. Bohannon to change a definite plan which he had made to leave to the plaintiff, either by will or a trust instrument, a large share in his estate.' (5) The said F. M. Bohannon had formed the fixed intention and settled purpose of providing for the plaintiff and in the distribution of his estate, and would have carried out this intention and purpose but for the wrongful acts of Laura Webb Bohannon and Maude Bohannon Trotman."

In *Lewis v. Bloede,* 202 Fed. Rep., 7 (15, 16, 17), (written for the Court by *H. G. Connor,* District Judge), is the following: "The recognition by the courts, both in England and in this country, of the right of action to the party injured by reason of the malicious and wrongful interference by third persons with contract rights is well settled. The principle is clearly stated by *Justice Brewer* in *Angle v. Chicago, St. Paul, etc., Ry. Co.,* 151 U. S., 1; 13, 14 Sup. Ct., 240, 245 (38 L. Ed., 55), wherein he says: 'It has been repeatedly held that, if one maliciously interfere in a contract between two parties, and induce one of them to break that contract, to the injury of the other, the party injured can maintain an action against the wrongdoer.' This is but a recognition and application of the principle: 'That whenever a man does an act which, in law and in fact, is a wrongful act, and such an act as may, as a natural and probable consequence of it, produce such an injury, an action on the case will lie.' . . . It having been settled that an action, as for a tort, would lie for a malicious—that is, wrongful—interference with the performance of an executory contract, the question naturally arose whether the principle extended to a case in which a third party, with like motive and without lawful excuse, by his interference prevented one from entering into, or making, a contract. . . . It is true that the right is more difficult to establish—requiring another link in the process of proof—than where the contract has been entered into. When the parties have entered into a contract, the terms of which are fixed, the plaintiff is only required to show the malicious interference and the damage proximately resulting; whereas, if the ground of complaint is that he was about to make a contract, he is required to go further and show that he was not only 'about to,' but would, but for the malicious interference of defendants, have entered into the contract, etc." *Dulin v. Bailey,* 172 N. C., 608.

In *Mitchell v. Langley,* 143 Ga., 827, 85 S. E., 1050, *Lumpkin, J.,* at p. 1053, says: "Is it possible that where a will has been made, leaving a devise, a third person can fraudulently and maliciously cause the testator to revoke the devise, and thus cause a loss to the devisee, without any redress on the part of the latter? Or, if a father should make a

deed of gift to his son, but before delivery another should falsely and maliciously represent that the son was a fugitive from justice, or was in penal servitude, or had died without issue, and so cause the father to destroy the deed without delivery, could it be contended that the son would have no redress for the loss occasioned to him, because the deed had not been delivered and the title had not actually vested in him? And, likewise, if a member of a benefit society has caused one of his family to be named in a certificate as the beneficiary thereof, can it be successfully contended that a third party can, by malicious and fraudulent representations, cause the member to change the certificate, and thus cut off and divert to himself a benefit which would have arisen to the beneficiary, with no redress to the latter, merely because the member had the power to change the beneficiary? Would not a man have the right to receive gifts or insurance, or the like, if they were in process of being perfected, and would have come to him but for malicious and fraudulent interference? A bare possibility may not be within the reason for this position. But where an intending donor, or testator, or member of a benefit society, has actually taken steps toward perfecting the gift, or devise, or benefit, so that if let alone the right of the donee, devisee, or beneficiary will cease to be inchoate and become perfect, we are of the opinion that there is such a status that an action will lie, if it is maliciously and fraudulently destroyed, and the benefit diverted to the person so acting, thus occasioning loss to the person who would have received it." The above cases cite numerous authorities which are unnecessary to repeat.

If the plaintiff can recover against the defendant for the malicious and wrongful interference with the making of a contract, we see no good reason why he cannot recover for the malicious and wrongful interference with the making of a will. It is true that such a cause of action may be difficult to prove—but that does not touch the existence of the cause of action, but only its establishment.

(3) The ruling of the court as to venue, we think correct. In the order of the court below is the following: "It is thereupon ordered that the order of the clerk in reference to change of venue be and it hereby is affirmed, and the motion for change of venue is denied, with leave, however, to the defendants to renew said motion after the complaint is filed."

N. C. Code, 1935 (Michie), section 470, is as follows: "If the county designated for that purpose in the summons and complaint is not the proper one, the action may, however, be tried therein, unless the defendant, before the time of answering expires, demands in writing that the trial be conducted in the proper county, and the place of trial is thereupon changed by consent of parties, or by order of the court. The court may change the place of trial in the following cases: (1) When the

county designated for that purpose is not the proper one. (2) When the convenience of witnesses and the ends of justice would be promoted by the change. (3) When the judge has, at any time, been interested as party or counsel."

The procedure under C. S., secs. 900 and 901, is a substitute for the old bill of discovery. By proper averment in affidavits, as in the present case, it can be resorted to before the complaint is filed. *Pender v. Mallett,* 123 N. C., 57; *Bailey v. Matthews,* 156 N. C., 78; *Ward v. Martin,* 175 N. C., 287. The venue statute, *supra,* applies after the complaint is filed. The rights of defendants are preserved in the order of the court below.

C. S., sec. 465, is as follows: "All action upon official bonds or against executors and administrators in their official capacity must be instituted in the county where the bonds were given, if the principal or any surety on the bond is in the county; if not, then in the plaintiff's county." *Montford v. Simmons,* 193 N. C., 323.

The question of venue is not now before us. There is an old maxim of the law, "No wrong without a remedy." The plaintiff, under his affidavits, has a right to "fish" in defendants' pond—whether he catches anything is yet to be seen.

For the reasons given, the judgment of the court below is
Affirmed.

·STACY, C. J., and CONNOR, J., dissent.