MATTIE JONES JOHNSON v. WOODROW W. STEVENSON, KATHLENE STEVENSON KAY, AND GRACE STEVENSON.

(Filed 20 January, 1967.)

1. **Wills § 8;   Judgments § 24;   Trusts § 14—**

The probate of a will in common form is conclusive as to the validity of the instrument until set aside in a *caveat* proceeding duly instituted, and while the beneficiaries under the will may be held trustees *ex maleficio* for extrinsic fraud which interferes with the right to *caveat* the instrument, the probate may not be collaterally attacked for intrinsic fraud constituting grounds for attack of the instrument by *caveat* proceedings when there is nothing to show that plaintiff's right to attack by *caveat* was interfered with in any manner.

2. **Same—**

Plaintiff and her brother were the sole surviving children of their parents. The joint will of their parents, which left the property in suit to the brother's children, was probated in common form. Plaintiff sought to hold the beneficiaries as trustees to the extent that she would have been entitled to a share in the property as an heir upon allegations that her brother and his wife secured the execution of the instrument by undue influence. *Held:* The action to establish the constructive trust was a collateral attack on the probate for intrinsic fraud, and demurrer to plaintiff's complaint was properly sustained.

APPEAL by plaintiff from *Olive, Emergency Judge,* July 22, 1966 Civil Session of DAVIDSON.

In this civil action, in which plaintiff seeks a judgment impressing a constructive trust for her benefit on certain realty, the court below entered judgment sustaining demurrer to complaint; and the question presented by plaintiff's appeal is whether the complaint alleges facts sufficient to constitute a cause of action.

The allegations of the complaint, summarized except when quoted, are stated below.

A paper writing dated March 14, 1933, a copy of which is attached to and made a part of the complaint, was executed by Jno. C. Stevenson and his wife, Nannie C. Stevenson, the parents of plaintiff, and purports to be their (joint) last will and testament. Ernest R. Stevenson caused it to be filed in the office of the Clerk of the Superior Court of Davidson County on December 9, 1940; and on December 23, 1940, "the said Ernest R. Stevenson was named administrator C.T.A."

The "purported" will relates solely to the specific realty involved herein. It was devised to three grandchildren, Ted L. Stevenson, Nannie Kathlene Stevenson and Woodrow Wilson Stevenson, subject to a life estate in favor of their parents, Ernest R. Stevenson and his wife, Mable V. Stevenson. Plaintiff is not mentioned in said will as a beneficiary or otherwise.

Jno. C. Stevenson died March 4, 1937. His widow, Nannie C. Stevenson, died May 17, 1940, at which time plaintiff and Ernest R. Stevenson were "the two surviving children of Jno. C. Stevenson and Nannie Stevenson."

The purported will "was secured through the use of undue influence, and was caused to be drawn and executed by the said Ernest R. Stevenson and his wife, now deceased." Jno. C. Stevenson could not write. The signature purporting to be his on the purported will is not his signature. Nannie C. Stevenson was persuaded and induced to make the purported will "so that she could collect her old age pension benefits, and was so informed by the said Ernest R. Stevenson and wife." Ernest R. Stevenson and Mable V. Stevenson, and their children, resided with plaintiff's parents and were supported by plaintiff's parents.

Ernest R. Stevenson died "several years ago." His widow, Mable V. Stevenson, continued "to occupy and use" said realty until her death in November, 1965. Nannie Kathlene Stevenson and Woodrow Wilson Stevenson are defendants. Ted L. Stevenson is now dead. His widow, Grace Stevenson, is a defendant.

"(B)ut for the undue influence" of Ernest R. Stevenson and Mable Stevenson, consisting of "false procurements" and "fraudulent acts" plaintiff "would have shared in the estate of her parents." Defendants occupy, maintain and "otherwise enjoy" said realty "by virtue of their parents' wrongdoing, and rightfully have only that interest which would be theirs by intestacy," and plaintiff, for more than twenty years, has been "wrongfully denied her rightful inheritance."

Plaintiff prayed that the court "impress upon the property in

question a constructive trust for the use and benefit of plaintiff herein to the extent that she may be entitled under the laws of intestacy," for the appointment of a receiver to collect rents, and for the taxing of costs against the defendants.

Plaintiff's appeal is from the judgment sustaining defendants' demurrer to complaint.

*Jerry C. Wilson for plaintiff appellant.*
*Walser, Brinkley, Walser & McGirt for defendant appellees.*

BOBBITT, J. Although plaintiff does not so allege in express terms, her allegations, and the exhibits attached to the complaint, clearly imply that the paper writing dated March 14, 1933, was probated in common form on December 9, 1940, as the last will and testament of Jno. C. Stevenson and his wife, Nannie C. Stevenson, before the Clerk of the Superior Court of Davidson County, North Carolina. Plaintiff's brief assumes this to be the fact. The gravamen of her complaint is that defendants hold the legal title they acquired under said will in trust for plaintiff to the extent of her interest as an heir of her parents. Hence, disposition of this appeal requires that this Court accept as fact for present purposes that said will was duly probated in common form on December 9, 1940.

"Under the statute now codified as G.S. 31-19, the order of the Clerk admitting the paper writing to probate constitutes conclusive evidence that the paper writing is the valid will of the decedent until it is declared void by a competent tribunal on an issue of *devisavit vel non* in a *caveat* proceeding." *Holt v. Holt,* 232 N.C. 497, 61 S.E. 2d 448; *Hargrave v. Gardner,* 264 N.C. 117, 141 S.E. 2d 36. "The attack must be direct and by *caveat.* A collateral attack is not permitted." *In re Will of Charles,* 263 N.C. 411, 415, 139 S.E. 2d 588, 591, and cases cited.

Under the provisions of G.S. 31-32, prior to the 1951 amendment (Session Laws of 1951, Chapter 496), plaintiff had seven years from December 9, 1940, to file a *caveat* to said will. Nothing in the record before us indicates she filed such *caveat.*

The only decision cited by plaintiff is *Bohannon v. Trotman,* 214 N.C. 706, 200 S.E. 852, in which this Court affirmed a judgment which, as part of a general family settlement, approved a compromise of the claim plaintiff had asserted in a prior action. In the prior action, *Bohannon v. Trust Co.,* 210 N.C. 679, 188 S.E. 390, this Court, as a basis for approval of an order for examination of an adverse party, held the plaintiff's affidavits alleged facts sufficient to disclose plaintiff had a cause of action. The plaintiff had asserted, *inter alia,* that F. M. Bohannon, plaintiff's grandfather, "had formed

the fixed intention and settled purpose of providing for the plaintiff in the distribution of his estate, and would have carried out this intention and purpose but for the wrongful acts of Laura Webb Bohannon and Maude Bohannon Trotman," who, "by a conspiracy and false and fraudulent representations, deprived the plaintiff of a share in the estate of F. M. Bohannon," by prevailing upon F. M. Bohannon "to change a definite plan which he had made to leave to the plaintiff, either by will or a trust instrument, a large share in his estate." These distinguishing facts are noted: (1) F. M. Bohannon, by reason of said false and fraudulent representations, was induced to abandon his *fixed intention* to settle a large part of his estate on the plaintiff. (2) Since his father was living, plaintiff could not as heir *caveat* his grandfather's will. Moreover, plaintiff would receive nothing from his grandfather's estate in the event it were adjudged his grandfather died intestate.

A factual situation more analogous to that presently under consideration was involved in *Holt v. Holt, supra,* a decision cited and stressed by defendants. In *Holt,* separate actions were instituted by each of two sons of A. F. Holt, Sr., to recover damages on the ground their brothers, the defendants, by means of undue influence they exerted upon him, had induced the father to execute certain conveyances and a will in which the defendants were named as grantees and as devisees. It was held the will could be attacked only by *caveat;* and that, unless and until the will was declared invalid in a *caveat* proceeding, all rights existing in A. F. Holt, Sr., at the time of his death, to attack conveyances he had made, vested in the defendants as beneficiaries under the will. Although the sole relief sought by the plaintiffs was damages for alleged tortious conduct, the thrust of the decision is in accord with the conclusion stated below.

Here plaintiff seeks to establish a constructive trust. "A constructive trust is the formula through which the conscience of equity finds expression. When property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest, equity converts him into a trustee." Cardozo, J., in *Beatty v. Guggenheim Exploration Co.,* 225 N.Y. 380, 386, 122 N.E. 378, 380, quoted with approval in *Atkinson v. Atkinson,* 225 N.C. 120, 127, 33 S.E. 2d 666, 671. "The forms and varieties of these (constructive) trusts, which are termed *ex maleficio* or *ex delicto,* are practically without limit." 4 Pomeroy's Eq. Jurisprudence (Fifth Edition), § 1053. This statement is quoted with approval in *Bryant v. Bryant,* 193 N.C. 372, 377, 137 S.E. 188, 190.

The position most favorable to plaintiff is stated by Curtis, J., in *Caldwell v. Taylor*, 218 Cal. 471, 23 P. 2d 758, 88 A.L.R. 1194, as follows: "Since the probate of a will is a matter exclusively within the jurisdiction of the probate court equity may not set aside the probate, but it may declare the beneficiary a trustee for those who have been defrauded. (Citations) And such character of relief is common. The judgment, order, or decree from the effect of which relief is sought cannot constitute a bar to equitable relief. A proceeding for equitable relief is not a collateral attack, and since its sole aim and purpose is to avoid the effect of said judgment, the doctrine of *res judicata* can have no application to such judgment. (Citations)." Even so, a constructive trust engrafted upon a devisee's legal title changes radically the legal significance and consequences of the judgment or decree of probate.

"Where a disposition of property by will or an intestacy is procured by fraud, duress or undue influence, the person acquiring the property holds it upon a constructive trust, *unless adequate relief can otherwise be given in a probate court.*" (Our italics) Restatement, Restitution § 184.

The grounds on which plaintiff seeks to establish a constructive trust were equally available as grounds for direct attack on the will by *caveat*. This right of direct attack by *caveat* gave her a full and complete remedy at law. Hence, plaintiff, on the facts alleged, is not entitled to equitable relief. *Insurance Co. v. Guilford County*, 225 N.C. 293, 300, 34 S.E. 2d 430, 434, and cases cited.

Our research discloses decisions in other jurisdictions recognizing the right of an heir to establish a constructive trust notwithstanding the probate of a will under which such heir is not a beneficiary where it is *alleged and proved* that the judgment or decree of probate was obtained under circumstances constituting *extrinsic fraud*, e. g., *Caldwell v. Taylor, supra,* and cases cited; *Zaremba v. Woods*, 17 Cal. App. 2d 309, 61 P. 2d 976; *Purinton v. Dyson*, 8 Cal. 2d 322, 65 P. 2d 777, 113 A.L.R. 1230; *Seeds v. Seeds*, 116 Ohio St. 144, 156 N.E. 193, 52 A.L.R. 761; *Jacobsen v. Jacobsen*, 164 Ohio St. 413, 131 N.E. 2d 833. In *Caldwell*, the alleged extrinsic fraud consisted of false and fraudulent representations made directly to the plaintiff after his father's death and causing him to defer filing a *caveat* until after the time limit therefor (six months) had expired. In *Zaremba*, the extrinsic fraud consisted of false and fraudulent statements made in procuring the probate of the will on account of which the heir did not receive notice of the probate proceedings in time to file a *caveat*. In *Purinton*, the extrinsic fraud consisted of the intentional failure of the proponent and executor of the de-

cedent's will to disclose to the probate court the existence, known to him, of a pretermitted heir and to give notice to such heir of the probate proceedings. In *Seeds,* the extrinsic fraud consisted of false and fraudulent statements in procuring the probate and of a false return purporting to show service of notice on the next of kin. In *Jacobsen,* the extrinsic fraud consisted of false and fraudulent representations whereby the defendants obtained from the next of kin certain waivers and by means thereof procured the probate of the will. For other decisions, see Annotation, "Person taking under probate of forged or fraudulent will as trustee *ex maleficio,*" 52 A.L.R. 779 *et seq.*

A judgment can be attacked for extrinsic fraud only by independent action. An attack for intrinsic fraud must be by motion in the cause in which the judgment was rendered. 3 Strong, N. C. Index, Judgments § 24. In *Mottu v. Davis,* 153 N.C. 160, 69 S.E. 63, Walker, J., after observing that "perjury, being intrinsic fraud, is not ground for equitable relief against a judgment resulting from it," states that "the fraud which warrants equity in interfering with such a solemn thing as a judgment must be such as is practiced in obtaining the judgment, and which prevents the losing party from having an adversary trial of the issue." In *Miller v. Bank,* 234 N.C. 309, 67 S.E. 2d 362, in which there is a full discussion and references to numerous prior decisions, Devin, C.J., quotes the following statement from Freeman on Judgments, sec. 1233: "Extrinsic or collateral fraud operates not upon matters pertaining to the judgment itself but relates to the manner in which it is procured." See "Comment Note. — Criterion of extrinsic fraud as distinguished from intrinsic fraud, as regards relief from judgment on ground of fraud," 88 A.L.R. 1201.

The complaint contains no allegation that fraud of any kind was practiced directly upon plaintiff by her brother or his wife or by any of the defendants herein, either before or after the death of plaintiff's parents, or that any of them practiced any fraud on the plaintiff or on the probate court in connection with the probate of her parents' will. She alleges no fact tending to show her right to attack the will by *caveat* was interfered with in any manner by her brother or his wife or by any other person or circumstance. In short, plaintiff alleges no facts constituting extrinsic fraud as distinguished from intrinsic fraud.

Having reached the conclusion that plaintiff has failed to allege facts sufficient to constitute a cause of action, the judgment of the court below is affirmed.

Affirmed.