IN THE MATTER OF THE WILL OF MYRTIE D. JOYNER, DECEASED

No. 778SC493

(Filed 21 March 1978)

**Wills § 16— children of testatrix— standing to file caveat**
     G.S. 31-32 gave caveators, who were children of the testatrix, standing to maintain a caveat to the will, since they were persons who were "entitled under such will, or interested in the estate," and the trial court erred in dismissing the caveat.

APPEAL by propounders from *Graham, Judge*, and *Smith, Judge*. Judgment and order entered 3 February 1977 and 6 March 1977, respectively, in Superior Court, WAYNE County. Heard in the Court of Appeals 9 March 1978.

Caveators have appealed from a judgment dismissing the caveat and from a later order denying a motion to set aside the dismissal. A paper writing purporting to be the will of Myrtie D. Joyner was probated in common form by the Clerk of Superior Court of Wayne County. Willie Mintz Joyner and Mary Bell J. Hill, children of the alleged testatrix who were purportedly named by the will as representatives of the estate, propounded the paper writing and were appointed executors. Mary Louise J. Brown, Carlotta J. Jones, and Danselene J. Uzzell, who were also children of Myrtie D. Joyner, filed a caveat to the will. When the matter came on for trial, the propounders made an oral motion that the caveat be dismissed on the ground that those named as beneficiaries under the will were the same persons who were the heirs at law of Myrtie D. Joyner and each would take in the same proportion the estate of Myrtie D. Joyner whether or not the will was probated. The court granted the propounders' motion to dismiss and the caveators appealed. At a later term of Superior Court, the caveators made a motion to set aside the judgment dismissing the caveat. This motion was denied on the ground that the Superior Court could not rule on it while the case was on appeal. The caveators have also appealed from this order.

*Joseph H. Davis, for caveators appellants.*

*Herbert B. Hulse and Philip A. Baddour, Jr., for propounders appellees.*

WEBB, Judge.

The determination of this case depends on the construction of G.S. 31-32 which says:

> "At the time of . . . the probate thereof in common form, or at any time within three years thereafter, any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will."

If the caveators have any standing to maintain this proceeding, it is as "any person entitled under such will, or interested in the estate." The propounders rely on some of the language of *In re Thompson*, 178 N.C. 540, 101 S.E. 107 (1919) that a person must have a pecuniary interest in the outcome of a

caveat proceeding to have standing to maintain it. They also rely on *In re Will of Edgerton*, 29 N.C. App. 60, 223 S.E. 2d 524 (1976). *Thompson* holds that the purchasers of land from the heirs at law of the deceased are persons who are interested in the estate and may maintain a caveat. *Edgerton* holds the son of a testator who before his father's death released all interest in the estate has no standing to caveat the will. We do not believe either case is controlling here.

We hold that under the plain words of the statute the caveators in this case are persons who are "entitled under such will, or interested in the estate." This gives them standing to maintain a caveat to the will. The Superior Court was in error for dismissing the caveat.

In light of this decision, we do not pass on the appeal from the order entered 28 February 1977.

Reversed.

Judges PARKER and VAUGHN concur.