J. EARL GRIFFIN, GEORGE V. GRIFFIN, ELIZABETH GRIFFIN PARKER, ALMA GRIFFIN BROOKS, FAE GRIFFIN PURSER, FRANCES GRIFFIN HELMS, MADGE CHANEY JARVIS, WANDA CHANEY HOLBROOK, HUBERT C. CHANEY, JR., MYRTLE C. MYERS AND BARBARA GRIFFIN ELLIS v. BEULAH R. BAUCOM, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF OTHA L. GRIFFIN, AND EUNICE R. GRIFFIN

Nos. 8420SC736 and 8420SC962

(Filed 16 April 1985)

**1. Wills § 8— maliciously inducing revocation of a will—summary judgment for defendants improper**

    The trial judge should not have entered summary judgment for defendants in an action for maliciously inducing the revocation of a will by undue influence where Mr. Griffin, who died intestate, was diagnosed as having cardiovascular disease and senility; he was old, feeble, and on occasion had failed to recognize close friends; defendants had both expressed their dissatisfaction with the will along with the knowledge that revocation of the will would result in Mr. Griffin's estate passing entirely to Mrs. Griffin, a result defendants preferred to the existing will; and the will was destroyed in the presence of Mrs. Griffin, with Mrs. Griffin handing her husband scissors with which to destroy the will and requesting from the attorney all existing copies of the will and notes made in regard to the will's creation. G.S. 1A-1, Rule 56(c).

Griffin v. Baucom

**2. Wills § 8— tortious interference with a will—will destroyed—initial proceeding in probate not required**

Plaintiffs were not required to seek to prove a revoked will in probate before pursuing a tortious interference claim where there was evidence indicating that inadequate relief was available in probate in that defendants destroyed all existing copies of the will and notes made in regard to the will's creation.

**3. Wills § 8; Rules of Civil Procedure § 15.2— amendment of pleadings to conform to evidence denied—failure to state grounds upon which relief could be granted**

In an action for maliciously inducing the revocation of a will by undue influence, the court properly denied plaintiffs' Rule 15(b) motion to amend the complaint to conform with the evidence and allege that one defendant had destroyed written evidence of the contents of the will and that the deceased lacked the testamentary capacity to revoke the will. Spoilation of notes pertaining to the will is not a destruction of the will itself and is not an actionable wrong, and proof of lack of testamentary capacity to revoke the will does not state a claim upon which relief may be granted in a tort action, but represents an attempt to prove the will, a remedy properly obtained through probate proceedings.

APPEAL by plaintiffs from *Wood, William Z., Judge.* Judgment entered 24 May 1984 in Superior Court, UNION County. Appeal also by plaintiffs from *Helms, Judge.* Order entered 23 July 1984 in Superior Court, UNION County. Heard in the Court of Appeals 7 March 1985.

In this civil action, plaintiffs seek, in the alternative, a conveyance to them of certain real property which they contend they would have received under a 1973 will of Otha L. Griffin, deceased, or a money judgment in the amount equal in value to that property. They also seek a judgment impressing a constructive trust for plaintiffs' benefit on the realty and punitive damages. Plaintiffs, who are brothers, sisters, nephews and nieces of Otha L. Griffin, deceased, allege in their complaint that the deceased, who died intestate in 1983, did not possess sufficient testamentary capacity to revoke his will on 18 August 1976. They further allege that they were beneficiaries under Mr. Griffin's will, and that the defendants, the wife and sister-in-law of the deceased, exercised undue influence upon the deceased in procuring the revocation of his will and that they intentionally destroyed all known written evidence regarding the contents of the will with the intent to deprive plaintiffs of their expectancy thereunder.

Defendants answered, denying the material allegations of the complaint. Defendants' subsequent motion for summary judgment was granted. Immediately prior to the filing of the notice of appeal from the entry of summary judgment against them (Case No. 8420SC736), plaintiffs moved to amend their complaint to conform to the evidence pursuant to Rule 15(b) of the North Carolina Rules of Civil Procedure. The motion was denied and plaintiffs gave notice of appeal (Case No. 8420SC962).

*Berry, Hogewood, Edwards & Freeman, P.A., by Mark B. Edwards and Dean Gibson, for plaintiff appellants.*

*Griffin, Caldwell, Helder & Steelman, P.A., by C. Frank Griffin and Thomas J. Caldwell, for defendant appellees.*

MARTIN, Judge.

Plaintiffs assign as error on appeal the entry of summary judgment against them and the denial of their motion to amend their complaint to conform to the evidence. We agree that summary judgment for defendants was improvidently granted, but uphold the order denying plaintiffs' motion to amend their complaint.

[1] We first address plaintiffs' contention that summary judgment was improperly allowed. Summary judgment should be rendered upon motion "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56(c). In ruling on a motion for summary judgment, the trial judge does not decide issues of fact but merely determines whether a genuine issue of fact exists. *Vassey v. Burch*, 301 N.C. 68, 269 S.E. 2d 137 (1980). Plaintiffs contend that through their depositions and affidavits of record they came forward with evidence from which a jury could find that (1) Mr. Griffin lacked the testamentary capacity to revoke his will, (2) defendants exercised undue influence over Mr. Griffin to engender such revocation, and (3) defendants intentionally destroyed all known written evidence regarding the contents of the will with the intent to deprive plaintiffs of their expectancy thereunder.

Plaintiffs' forecast of the evidence tended to show that in 1973 Otha L. Griffin, through an attorney, prepared a will which devised one-half of his estate to defendant Eunice Griffin and the remaining half, including the Griffin homeplace, to the plaintiffs. Eunice Griffin expressed dissatisfaction with the will, stating to Mr. Griffin's sister-in-law that "she wanted her husband to leave everything to her and that she could not get him to do this."

In 1975 Mr. Griffin entered a hospital for heart treatment and shortly thereafter was transferred to a nursing home facility. While there, Mr. Griffin took therapeutic drugs and sleeping aids, spent a large amount of time in bed, and was described by one doctor as being both feeble and senile, unable on occasion of recognizing friends.

Around this same time, defendant Beulah Baucom, sister of Eunice Griffin and legal secretary to the law firm which prepared the will, expressed her dissatisfaction with the will to an attorney in the firm since, in her opinion, the will was unfair to her sister. In 1976 she advised the attorney that Mr. Griffin wanted to see him at the nursing home to discuss real estate matters. When the attorney arrived at the nursing home, Eunice Griffin was in her husband's room. Mr. Griffin inquired as to whether he could do with his property what he wished. Upon being advised by his attorney that he could, he then asked for the will; Mrs. Griffin handed him a pair of scissors, and he proceeded to cut the will into several pieces. Mrs. Griffin then asked the attorney for the copies of the will and the notes regarding its preparation which he handed to her. Mr. Griffin gave no reasons for his destruction of the will.

The foregoing evidence from plaintiffs' depositions and affidavits reveals that there is a genuine issue of material fact as to whether defendants exerted undue influence over the deceased with the tortious intent to deprive the plaintiffs of their expectancy under the will. North Carolina recognizes the existence of the tort of malicious and wrongful interference with the making of a will. See Bohannon v. Trust Co., 210 N.C. 679, 188 S.E. 390 (1936). "It is true that such a cause of action may be difficult to prove — but that does not touch the existence of the cause of action, but only its establishment." Id. at 685, 188 S.E. at 394. If one maliciously interferes with the making of a will, or maliciously in-

duces one by means of undue influence to revoke a will, to the injury of another, the party injured can maintain an action against the wrongdoer. Undue influence is defined as "a fraudulent influence over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result." *In re Estate of Loftin and Loftin v. Loftin*, 285 N.C. 717, 722, 208 S.E. 2d 670, 674-75 (1974). There are four general elements of undue influence: (1) a person who is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert undue influence; and (4) a result indicating undue influence. *See* 25 Am. Jur. 2d *Duress and Undue Influence* § 35, p. 397; *see also Curl v. Key*, 64 N.C. App. 139, 306 S.E. 2d 818 (1983), *rev'd on other grounds*, 311 N.C. 259, 316 S.E. 2d 272 (1984). Among the factors taken into consideration in determining the existence of undue influence are the age and physical and mental condition of the one alleged to have been influenced, whether he had independent or disinterested advice in the transaction, distress of the person alleged to have been influenced, his predisposition to make the transfer in question, the extent of the transfer in relation to his whole worth, active persuasions by the other party, and the relationship of the parties. *See* 25 Am. Jur. 2d *Duress and Undue Influence, supra.*

Applying this standard to the case under review, we find that plaintiffs have produced sufficient facts to withstand defendants' motion for summary judgment. The deposition of Mr. Griffin's treating physician and affidavit of his notes tend to show that Mr. Griffin was susceptible to undue influence. Mr. Griffin was diagnosed as having cardiovascular disease and senility; he was old, feeble, and on occasion had failed to recognize close friends. Defendants, on the other hand, were under no physical or mental disability and both had expressed their dissatisfaction with the will along with the knowledge that the revocation of the will would result in Mr. Griffin's estate passing entirely to Mrs. Griffin, a result the defendants preferred to the existing will. Additionally, the result of the will's destruction in the presence of Mrs. Griffin, with Mrs. Griffin handing her husband scissors with which to destroy the will and requesting from the attorney all existing copies of the will and notes made in regard to the will's creation, was indicative of undue influence. Plaintiffs produced facts sufficiently supportive of the exertion of undue influence by

the defendants over the deceased with the intent to deprive plaintiffs of their expectancy under the will, mandating the determination that a genuine issue of fact existed for the jury to decide.

[2] Defendants argue that since plaintiffs ask for the property which they allege they would have received under the will and for a constructive trust, plaintiffs are seeking to prove the will; therefore, plaintiffs were obligated to proceed by way of *caveat* in a probate proceeding. However, plaintiffs also pursue a tort remedy; their complaint seeks money damages "in an amount equal in value to that certain property known as the Homeplace and other real property which the plaintiffs would have received under the deceased's 1973 will." While we agree that where a will has been submitted for probate, a plaintiff must avail himself of the statutory remedy of a will contest to prove or set aside the instrument, *see Johnson v. Stevenson*, 269 N.C. 200, 152 S.E. 2d 214 (1967), where no will has been submitted, as in the case *sub judice*, plaintiff may pursue a tort remedy and is not limited to the remedy of a probate proceeding. *See Bohannon v. Trust Co.*, *supra.* Defendants cite cases from other jurisdictions as recognizing the doctrine that an attempt to pursue a remedy in probate proceedings or a showing that a remedy is unavailable or inadequate through probate proceedings is a prerequisite to maintaining an action for damages for interference with an expected inheritance. *See* Annot., 22 A.L.R. 4th 1229, 1235 (1983). In this case, in addition to evidence of undue influence exercised by the defendants, there was evidence that the defendants destroyed all existing copies of the will and notes made in regard to the will's creation, evidence indicative that the relief available in a probate proceeding was inadequate or even nonexistent. Thus, we hold that in the case under review where no will was submitted for probate and where facts exist indicating that inadequate relief was available in a probate proceeding, plaintiffs were not required to first seek to prove the revoked will in a probate proceeding before pursuing their tortious interference claim.

[3] Plaintiffs also contend the trial court erred in denying plaintiffs' motion to amend the complaint to conform to the evidence pursuant to Rule 15(b) of the North Carolina Rules of Civil Procedure. Plaintiffs' amended complaint alleges (1) that defendant Eunice Griffin destroyed written evidence of the contents of the will, and (2) that at the time he destroyed the will, the deceased

lacked the testamentary capacity to revoke the will. This amended complaint fails to state a claim upon which relief may be granted. There is no evidence of fraudulent spoilation of Mr. Griffin's will; spoilation of notes pertaining to the will is not a destruction of the will itself and is not an actionable wrong. Likewise, seeking to prove Mr. Griffin's lack of testamentary capacity to revoke his will does not state a claim upon which relief may be granted in the tort action, but rather represents an attempt to prove the will, a remedy properly obtained through probate proceedings. Lack of testamentary capacity is only relevant as it may show Mr. Griffin's subjectivity to undue influence in plaintiffs' action for tortious interference with his will. Because the amended complaint fails to state a claim upon which relief may be granted, the trial court did not abuse its discretion in denying plaintiffs' Rule 15(b) motion.

In conclusion, we hold that plaintiffs' Rule 15(b) motion was properly denied, but that because a genuine issue of material fact exists in regard to undue influence perpetrated upon the deceased, summary judgment was not appropriate. Summary judgment for defendants is thus vacated and the cause remanded to Superior Court for further proceedings.

Case No. 8420SC962 — affirmed.

Case No. 8420SC736 — vacated and remanded.

Judges WEBB and PHILLIPS concur.