JOANNE H. MURROW AND REBECCA H. MATHIS, PLAINTIFFS V. NANCY HENSON AND BONNIE H. GALLO, DEFENDANTS

No. COA04-1558

(Filed 16 August 2005)

**Wills— tortious interference with prospective advantage—testamentary benefits—statement of claim**

The trial court erred in a tortious interference with prospective advantage case by granting defendants' motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) plaintiffs' claim that defendants maliciously caused the parties' stepgrandmother to execute a will that left plaintiffs only nominal bequests, because: (1) the allegations from the complaint do not necessarily establish that plaintiffs would be able to obtain adequate relief through a caveat proceeding; (2) the inadequacy of relief in a caveat proceeding would entitle plaintiffs to proceed with a tort claim; and (3) it does not appear beyond doubt that plaintiffs can prove no set of facts in support of a claim entitling them to relief.

Appeal by plaintiffs from order entered 11 October 2004 by Judge Michael E. Helms in Guilford County Superior Court. Heard in the Court of Appeals 11 May 2005.

*Smith, James, Rowlett & Cohen, LLP, by Norman B. Smith, for plaintiffs-appellants.*

*Bell, Davis & Pitt, P.A., by William K. Davis and Stephen M. Russell, for defendants-appellees.*

GEER, Judge.

Plaintiffs Joanne H. Murrow and Rebecca H. Mathis appeal the order of the trial court dismissing their claim that defendants Nancy Henson and Bonnie Gallo maliciously caused their stepgrandmother to execute a will that left plaintiffs only nominal be-

MURROW v. HENSON

[172 N.C. App. 792 (2005)]

quests. We hold that plaintiffs' complaint sufficiently states a claim for relief under *Johnson v. Stevenson*, 269 N.C. 200, 152 S.E.2d 214 (1967) and *Griffin v. Baucom*, 74 N.C. App. 282, 328 S.E.2d 38, *disc. review denied*, 314 N.C. 115, 332 S.E.2d 481 (1985) and, therefore, reverse the decision below.

## Facts

Plaintiffs and defendants are all step-grandchildren of Rebecca Barnhill Hundley, who died on 6 January 2004. On 5 August 2004, plaintiffs filed a complaint for damages against defendants, alleging claims for alienation of affections and for tortious interference with prospective advantage. At the motion to dismiss hearing, plaintiffs conceded that their claim for alienation of affections should be dismissed. This appeal involves only plaintiffs' cause of action for tortious interference with prospective advantage.

Plaintiffs' complaint included the following pertinent allegations:

5. For many years it had been the intent and purpose of the deceased [Rebecca Barnhill Hundley] to divide everything she had received from her late husband, George L. Hundley, equally among his grandchildren, the plaintiffs, the defendants, Robert S. Foster, Jr., and Georgette F. Hedrick.

6. Defendants imposed upon Rebecca Barnhill Hundley, and gave her false and defamatory information about plaintiffs that turned her against them and predisposed her to execute a new will providing for only nominal bequests to plaintiffs. Defendants also by the same process induced and influenced Rebecca Barnhill Hundley to make substantial and favorable inter vivos gifts to them, and to diminish and eventually eliminate inter vivos gifts to plaintiffs from her.

. . . .

10. By means set forth above, defendants maliciously induced Rebecca Barnhill Hundley to reduce and eventually eliminate gifts that she had making [sic] and would have made to plaintiffs, and to eliminate plaintiffs as substantial beneficiaries under her will.

. . . .

16. Specifically, plaintiffs had legitimate and bona fide expectations of benefits from Rebecca Barnhill Hundley; and

defendants knew of these legitimate and bona fide expectations of benefits from Rebecca Barnhill Hundley; defendants intentionally induced Rebecca Barnhill Hundley not to make gifts to plaintiffs and to provide them substantial benefits by her will; defendants acted without justification; and defendants caused actual pecuniary harm to plaintiffs.

Based on these allegations, plaintiffs asserted that defendants' conduct amounted to malicious interference with prospective advantage of plaintiffs to receive gifts and testamentary benefits from Ms. Hundley.

On 3 September 2004, defendants filed a motion to dismiss plaintiffs' complaint pursuant to N.C.R. Civ. P. 12(b)(6). A hearing was held on 4 October 2004 in Guilford County Superior Court and the trial court granted defendants' motion on 11 October 2004. Plaintiffs subsequently filed a notice of appeal to this Court on 27 October 2004.

The purpose of a motion under Rule 12(b)(6) is to test "the legal sufficiency of the pleading." *Sterner v. Penn*, 159 N.C. App. 626, 628, 583 S.E.2d 670, 672 (2003). When determining whether a complaint is sufficient to withstand a motion to dismiss under Rule 12(b)(6), the trial court must discern " 'whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.' " *Shell Island Homeowners Ass'n. v. Tomlinson*, 134 N.C. App. 217, 225, 517 S.E.2d 406, 413 (1999) (quoting *Isenhour v. Hutto*, 129 N.C. App. 596, 598, 501 S.E.2d 78, 79, *review allowed*, 349 N.C. 360, 517 S.E.2d 895 (1985)). A complaint should be dismissed if "[1] no law exists to support the claim made, [2] if sufficient facts to make out a good claim are absent, or [3] if facts are disclosed which will necessarily defeat the claim." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990).

On appeal, plaintiffs do not challenge the trial court's dismissal to the extent that it involves inter vivos gifts as opposed to testamentary benefits. With respect to testamentary benefits, plaintiffs argue that the trial court's dismissal of their claim cannot be reconciled with *Bohannon v. Wachovia Bank & Trust Co.*, 210 N.C. 679, 188 S.E. 390 (1936).

In *Bohannon*, the plaintiff alleged that his grandmother and aunt had by false representations prevailed upon the plaintiff's grandfather to change his "fixed intention" to leave a large share of his

MURROW v. HENSON

[172 N.C. App. 792 (2005)]

estate to the plaintiff. *Id.* at 681, 188 S.E. at 391. Our Supreme Court held that these allegations supported a cause of action: "If the plaintiff can recover against the defendant for the malicious and wrongful interference with the making of a contract, we see no good reason why he cannot recover for the malicious and wrongful interference with the making of a will." *Id.* at 685, 188 S.E. at 394.

In this appeal, the parties debate the applicability of *Bohannon*, focusing on whether or not the case involved an existing and probated will, as here. Defendants contend that "[t]he Supreme Court [in *Bohannon*] did not deal with an existing will or the effect of an existing will." Plaintiffs, however, state that "it clearly appears in the report of that case that the will in question had been admitted to probate and was under administration at the time the lawsuit for intentional interference with prospective advantage was filed." Neither position is precisely correct. The language referenced by plaintiffs indicates only that one of the defendants, who had passed away prior to filing of the suit, had a will that had been probated. The decision cited by the parties does not, however, indicate anywhere that a will had been admitted to probate. Nevertheless, a subsequent appeal in the case, *Bohannon v. Trotman*, 214 N.C. 706, 708, 200 S.E. 852, 852 (1939) confirms that there was a will and that, at some unspecified time, it was duly probated.

We need not, however, resolve whether *Bohannon* is factually similar or distinguishable from this case since *Bohannon* does not represent the final word in North Carolina on this issue—although the development of the law has been somewhat contradictory. In 1950, the Supreme Court addressed a factual scenario similar to that in *Bohannon*, but never mentioned the *Bohannon* opinion. *See Holt v. Holt*, 232 N.C. 497, 61 S.E.2d 448 (1950). Defendants contend that *Holt* controls rather than *Bohannon*.

The *Holt* plaintiffs sued "to recover damages of defendants for allegedly inducing decedent by fraud or undue influence to convey and will his property to them pursuant to a conspiracy on the part of the defendants and another to defraud plaintiffs of their rights of inheritance." *Id.* at 498, 61 S.E.2d at 450. The decedent's will—which excluded the plaintiffs as beneficiaries—had been admitted to probate. The Supreme Court in *Holt* first held:

> In so far as his children are concerned, a parent has an absolute right to dispose of his property by gift or otherwise as he pleases. He may make an unequal distribution of his property

among his children with or without reason. *These things being true, a child has no standing at law or in equity either before or after the death of his parent to attack a conveyance by the parent as being without consideration, or in deprivation of his right of inheritance.*

*Id.* at 500-01, 61 S.E.2d at 451 (emphasis added). The Court added:

When a person is induced by fraud or undue influence to make a conveyance of his property, a cause of action arises in his favor, entitling him, at his election, either to sue to have the conveyance set aside, or to sue to recover the damages for the pecuniary injury inflicted upon him by the wrong. *But no cause of action arises in such case in favor of the child of the person making the conveyance for the very simple reason that the child has no interest in the property conveyed and consequently suffers no legal wrong as a result of the conveyance.*

*Id.* at 501, 61 S.E.2d at 452 (emphasis added) (internal citations omitted). The Court then held that if the person making the conveyance should die, the cause of action survives and passes "to those who then succeed to his rights." *Id.* Plaintiffs in this case have argued that *Holt* involved a challenge regarding inter vivos transfers and, at this point in the *Holt* opinion, the Court indeed does proceed to address who may challenge transfers of property made by a decedent in his lifetime and what showing is required. *See id.* at 502, 61 S.E.2d at 452.

In the next paragraph, however, the Court observed that the *Holt* plaintiffs claimed to have succeeded as heirs and next of kin of the decedent to the right to bring the decedent's claim that the defendants had induced the decedent by fraud to deny the plaintiffs their rights of inheritance. In rejecting this claim, the Supreme Court stressed that the will admitted to probate had vested in the defendants all rights existing in the decedent at the time of his death. *Id.*, 61 S.E.2d at 453. The Court then wrote:

To be sure, the plaintiffs offered [the will] in evidence "for the purpose of attack," and undertake to avoid its legal effect as a testamentary conveyance of the rights of their ancestor to the defendants by asserting that its execution was induced by fraud or undue influence perpetrated on their ancestor by the defendants and their fellow conspirator . . . . But the law does not

permit the plaintiffs to assail the probated paper writing in this collateral fashion.

*Id.* After pointing out that by statute, an order of the Clerk admitting a paper writing to probate constitutes conclusive evidence that the paper writing is the valid will of the decedent, *see* N.C. Gen. Stat. § 31-19 (2003), the Court held: "This being true, the plaintiffs have no standing to maintain these suits until the probated paper writing is declared invalid as a testamentary instrument by a competent tribunal in a caveat proceeding; for such paper writing wills all rights existing in [the decedent] at the time of his death to the defendants, with the result that nothing descends to the heirs or next of kin." *Id.* at 503, 61 S.E.2d at 453.

In summary, *Holt* appears to hold (1) that the right to sue for fraud even with regard to the making of a will rests in the maker of the will, (2) that the cause of action will survive the death of the maker of the will, and (3) unless the will is set aside through a caveat proceeding, the right to pursue a claim for fraud (at least as to personalty) rests with the beneficiaries under the will. A commentator has observed that this reasoning in *Holt* is difficult to reconcile with *Bohannon*: "The opinion is openly hostile to the idea that there is any independent right in the disinherited sons, based on loss of an expectancy, even based on the intentional act of another and after the death of the parent." Diane J. Klein, *Revenge of the Disappointed Heir: Tortious Interference with Expectation of Inheritance—A Survey with Analysis of State Approaches in the Fourth Circuit*, 104 W. Va. L. Rev. 259, 276-77 (2002).

Subsequently, in 1967, the Supreme Court issued a third opinion addressing this subject in *Johnson v. Stevenson*, 269 N.C. 200, 152 S.E.2d 214 (1967). The Court relied on both *Bohannon* and *Holt*, but did not resolve the apparent inconsistency between their holdings. In *Johnson*, the joint will of the plaintiff's parents, which had been probated, bequeathed all of the parents' property to the children of the plaintiff's brother. The plaintiff was not mentioned in the will. The plaintiff alleged that by fraudulent acts, her brother and sister-in-law wrongfully denied the plaintiff her rightful inheritance. As relief, she sought a constructive trust on certain property for her benefit.

The Court distinguished *Bohannon* on the grounds that the decedent in *Bohannon* had (a) a "fixed intention" to settle part of his estate on the plaintiff, (b) the plaintiff could not have filed a caveat proceeding, and (c) the plaintiff would not have received anything

from his grandfather's estate in the event that the grandfather died intestate. *Id.* at 203, 152 S.E.2d at 217. The Court found the *Holt* decision "more analogous" and described the opinion as holding that "the will could be attacked only by *caveat*; and that, unless and until the will was declared invalid in a *caveat* proceeding, all rights existing in [the decedent] at the time of his death, to attack conveyances he had made, vested in the defendants as beneficiaries under the will." *Id.* The Court observed that "the thrust of" the *Holt* decision was in accord with its decision, *id.*, but then proceeded to engage in a slightly different analysis.

The *Johnson* Court first pointed out that a constructive trust is an equitable remedy and quoted from the Restatement of Restitution § 184: " 'Where a disposition of property by will or an intestacy is procured by fraud, duress or undue influence, the person acquiring the property holds it upon a constructive trust, *unless adequate relief can otherwise be given in a probate court.*' " *Johnson,* 269 N.C. at 204, 152 S.E.2d at 217 (emphasis in *Johnson*). Based on this principle, the Court held: "The grounds on which plaintiff seeks to establish a constructive trust were equally available as grounds for direct attack on the will by *caveat.* This right of direct attack by *caveat* gave her a full and complete remedy at law. Hence, plaintiff, on the facts alleged, is not entitled to equitable relief." *Id.* The Court then proceeded to also hold that an heir could establish a right to a constructive trust "notwithstanding the probate of a will under which such heir is not a beneficiary" upon a showing of extrinsic fraud. *Id.* at 204-05, 152 S.E.2d at 218.

In sum, the Court in *Johnson* suggested that equitable relief could be available to an heir omitted from a will if: (1) the grounds on which the plaintiff sought relief were not equally available through a caveat proceeding; (2) the caveat proceeding would not give the plaintiff an adequate remedy; (3) fraud was practiced directly upon the plaintiff by the defendants either before or after the death of the decedent; (4) fraud was practiced on the plaintiff or on the probate court in connection with the probate of the will; or (5) defendants interfered with the plaintiff's right to attack the will by caveat. *Id.* at 204-05, 152 S.E.2d at 217-18. Because the *Johnson* complaint established the availability of relief through a caveat proceeding and failed to allege any of the pertinent types of fraud, the Court affirmed the dismissal of the plaintiff's complaint.

This Court addressed *Bohannon* and *Johnson,* but not *Holt,* in *Griffin v. Baucom,* 74 N.C. App. 282, 328 S.E.2d 38, *disc. review*

*denied,* 314 N.C. 115, 332 S.E.2d 481 (1985). The plaintiffs in *Griffin* offered evidence that the defendants—the deceased's wife and sister-in-law—exercised undue influence over the deceased to cause him to destroy his will, leaving him intestate with the result that all of his property went to his wife to the exclusion of the plaintiffs. *Id.* at 285, 328 S.E.2d at 41. The defendants also destroyed all evidence regarding the contents of the will. *Id.* The plaintiffs sought either (1) a conveyance of real property that they contend they would have received under the will in the absence of interference or (2) a money judgment in an amount equal to the value of that property. *Id.* at 283, 328 S.E.2d at 39.

The *Griffin* Court first recited the rule in *Bohannon*: "North Carolina recognizes the existence of the tort of malicious and wrongful interference with the making of a will. . . . If one maliciously interferes with the making of a will, or maliciously induces one by means of undue influence to revoke a will, to the injury of another, the party injured can maintain an action against the wrongdoer." *Id.* at 285-86, 328 S.E.2d at 41. After concluding that the plaintiffs in *Griffin* had offered sufficient evidence to establish an issue of fact regarding a malicious interference claim, the Court turned to the defendants' argument that the plaintiffs were in effect seeking to prove the will and, therefore, were required to proceed by way of a caveat proceeding.

The Court explained, citing *Johnson*: "While we agree that where a will has been submitted for probate, a plaintiff must avail himself of the statutory remedy of a will contest to prove or set aside the instrument, where no will has been submitted, as in the case *sub judice,* plaintiff may pursue a tort remedy and is not limited to the remedy of a probate proceeding." *Id.* at 287, 328 S.E.2d at 42 (internal citations omitted). The Court noted that "[d]efendants cite cases from other jurisdictions as recognizing the doctrine that an attempt to pursue a remedy in probate proceedings or a showing that a remedy is unavailable or inadequate through probate proceedings is a prerequisite to maintaining an action for damages for interference with an expected inheritance." *Id.* The plaintiffs in *Griffin* had, however, offered "evidence indicative that the relief available in a probate proceeding was inadequate or even nonexistent." *Id.* Accordingly, the Court held "that in the case under review where no will was submitted for probate and where facts exist indicating that inadequate relief was available in a probate proceeding, plaintiffs were not required to first seek to prove the revoked will in a probate proceeding before pursuing their tortious interference claim." *Id.*

Based on *Griffin's* application of *Johnson*, we believe *Johnson's* analysis is equally applicable to cases not involving a request for a constructive trust. *Johnson* and *Griffin* also provide a means by which *Holt* and *Bohannon* may be reconciled. It appears that in *Holt*, the plaintiffs could have obtained an adequate remedy in a caveat proceeding, while in *Bohannon*, the plaintiff could not. Thus, in this case, as in *Griffin*, the question is whether a caveat proceeding was available and, if so, whether such a proceeding would provide an adequate remedy to plaintiffs.[1]

Plaintiffs' complaint alleges that a will exists and their brief on appeal appears to acknowledge that the will has been submitted to probate. The complaint's allegation that Mrs. Hundley's will provided for only nominal bequests to plaintiffs also suggests that plaintiffs could have filed a caveat proceeding. N.C. Gen. Stat. § 31-32 (2003), which governs caveat proceedings, provides that "any person entitled under such will, or interested in the estate, may appear in person or by attorney before the clerk of the superior court and enter a caveat to the probate of such will . . . ." Taking the allegations of the complaint as true, it appears plaintiffs were beneficiaries under Mrs. Hundley's will and thus could be considered persons "entitled under such will," within the meaning of N.C. Gen. Stat. § 31-32. *See In re Will of Joyner*, 35 N.C. App. 666, 668, 242 S.E.2d 213, 214 (holding "under the plain words of the statute" that children who were beneficiaries under their parent's will were persons "entitled under such will, or interested in the estate" as that term is used in the statute), *disc. review denied*, 295 N.C. 261, 245 S.E.2d 777 (1978).

Nevertheless, the allegations of the complaint do not necessarily establish that the plaintiff step-grandchildren would be able to obtain adequate relief through a caveat proceeding. Under both *Johnson* and *Griffin*, the inadequacy of relief in a caveat proceeding entitles a plaintiff to proceed with his or her tort claim. Because it does not " 'appear[] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' " the trial court erred in granting defendants' motion to dismiss. *Anderson v. Texas Gulf, Inc.*, 83 N.C. App. 634, 638, 351 S.E.2d 109, 111 (1986) (quoting *Sutton v. Duke*, 277 N.C. 94, 102, 176 S.E.2d 161, 165-66 (1970)).

---

1. Like *Johnson*, the complaint in this case contains no allegations regarding extrinsic fraud and, therefore, fraud cannot be a basis for allowing plaintiffs to proceed.

Reversed.

Judges HUNTER and HUDSON concur.